Derwin Wayne **POWERS**, Appellant

v.

**UNITED STATES PAROLE**
**COMMISSION,**
**Appellee.**

No. 07–5137.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 1, 2008.

Derwin Wayne Powers, Petersburg, VA, pro se.

R. Craig Lawrence, Assistant U.S. Attorney, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: RANDOLPH, ROGERS and TATEL, Circuit Judges.

### *JUDGMENT*

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. Rule 36(b). It is

**ORDERED** and **ADJUDGED** that the judgment of the district court dismissing the Privacy Act claim be affirmed, and the case be remanded to the district court for consideration of the alleged ex post facto violation.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

### *MEMORANDUM OPINION*

In connection with the denial of parole, Powers appeals the dismissal pursuant to Fed.R.Civ.P. 12(b)(6) of his complaint under the Privacy Act, 5 U.S.C. § 552. Strict liability is not imposed "for every affirmative or negligent action that might be said technically to violate the Privacy Act's provisions." *Albright v. U.S.*, 732 F.2d 181, 189 (D.C.Cir.1984). Accordingly, to state a claim under the Privacy Act, a plaintiff must allege that the defendant acted "intentional[ly]" or "willful[ly]." 5

U.S.C. § 552a(g)(4). Liability is imposed "only when the agency ... commit[s] the act without grounds for believing it to be lawful, or by flagrantly disregarding others' rights under the Act." *Albright,* 732 F.2d at 189. "Something greater than gross negligence" must be shown. *Tijerina v. Walters,* 821 F.2d 789, 799 (D.C.Cir. 1987); *see, e.g., Toolasprashad v. Bureau of Prisons,* 286 F.3d 576, 583–84 (D.C.Cir. 2002).

Viewing the amended complaint and opposition to the motion to dismiss, *Warren v. District of Columbia,* 353 F.3d 36, 38 (D.C.Cir.2004), we find that Powers fails to allege the requisite willfulness. Powers alleges that the United States Parole Commission failed to respond to his requests to resolve discrepancies in his records, Am. Compl. ¶ 3, and, upon setting forth those discrepancies, Powers states: "Plaintiff is not asking the Parole Commission to correct P.S.R., [b]ut only to keep Parole Commission record[s] correct as [to] matters contested ...," Am. Compl. ¶ 5. Although Powers alleges that the Commission "has not maintain[ed] correct records ... and is liable under the Privacy Act," *id.,* he claims only that the Commission acted "intentionally," Pl.'s Opp'n to Def.'s Mot. to Dismiss Compl. at 5, and that its "negligence" violated his Privacy Act rights, *id.* The amended complaint thus imputes at most "gross negligence" to the Commission with regard to its maintenance and use of inaccurate records. His opposition memorandum cannot cure this defect by contradicting the complaint. *See Henthorn v. Dep't of Navy,* 29 F.3d 682, 687–88 (D.C.Cir.1994).

Accordingly, we affirm the dismissal of the Privacy Act claim; the claim to add parties is moot. With respect to a claim not addressed by the district court, we remand because Powers sufficiently alleges an ex post facto violation based on his

status as a District of Columbia prisoner, Am. Compl. ¶ 5, and was not required to proceed by a writ of habeas corpus, *Anyanwutaku v. Moore*, 151 F.3d 1053, 1056 (D.C.Cir.1998); *see Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). Powers is considered a District of Columbia prisoner because, although detained in a federal facility, he was convicted and sentenced in the D.C. Superior Court for violations of the District of Columbia Code. *Cf. Fletcher v. Reilly*, 433 F.3d 867 (D.C.Cir.2006).